UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


UNITED STATES OF AMERICA        .
                                . H-01-CR-914
        vs.                     . HOUSTON, TEXAS
                                . OCTOBER 4, 2004
DAVID KAY                       .
and                             .
DOUGLAS MURPHY                  .
. . . . . . . . . . . . . . . .


EXCERPT OF TRANSCRIPT OF JURY TRIAL
BEFORE THE HONORABLE DAVID HITTNER
UNITED STATES DISTRICT JUDGE
DAY 9



A P P E A R A N C E S:

FOR THE GOVERNMENT:

    Philip Urofsky
    Department of Justice
    10th and Constitution Avenue NW
    Bond 4000
    Washington, DC  20530

    Michael K. Atkinson
    Department of Justice
    1400 New York Avenue, NW
    Washington, DC  20005

FOR THE DEFENDANT DAVID KAY:

    Robert C. Bennett, Jr.
    Bennett & Secrest
    808 Travis, 24th Floor
    Houston, Texas  77002


Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
                            - - - - -

2

A P P E A R A N C E S:   (Continued)

FOR THE DEFENDANT DAVID KAY:

        Reid H. Weingarten
        David Fragale
        Steptoe Johnson LLP
        1330 Connecticut Avenue NW
        Washington, DC  20036

FOR THE DEFENDANT DOUGLAS MURPHY:

        Charley A. Davidson
        Robert J. Sussman
        Eric Morehead
        Hinton Sussman Bailey & Davidson
        5300 Memorial Drive, Suite 1000
        Houston, Texas  77007

OFFICIAL COURT REPORTER:

        Cheryll K. Barron
        U.S. Courthouse
        515 Rusk, Room 8016
        Houston, Texas 77002
        713-250-5585

ALSO PRESENT:

        Jan Syzdek
                        - - - - -

P R O C E E D I N G S

*(Jury present)*

THE COURT:  Okay.  All right.  So, with that as a background, we're going to start right now and start reading the jury instructions.

In any jury trial --

Remind me to turn this off.  Okay?

In any jury trial there are, in effect, two judges.  I'm one of the judges.  The other is the jury.  It's my duty to preside over the trial and to decide what evidence is proper for your consideration.  It's also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I'll give you some general instructions which apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I'll give you some specific instructions about this particular case; and, finally, I'll explain to you the procedures you should follow in your deliberations.

You, as jurors, are judges of the facts.  But in determining what actually happened -- that is, in reaching a decision as to the facts -- it's your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction or to question the wisdom or

correctness of any rule I may state to you.  You must not substitute or follow your own notions or opinions as to what the law is or ought to be.  It is your duty to apply the law as I explained it to you, regardless of the consequences.

It's also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the jury -- parties as jurors, and they have the right to expect nothing else.

The indictment, or formal charge, against the defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  And, of course, we're dealing here with each defendant.  The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatsoever may be drawn from the election of a defendant not to testify.  The Government has the burden of proving the defendant guilty beyond a reasonable doubt.  And if it fails to do so, you must acquit the defendant.

While the Government's burden of proof is a strict or heavy burden, it's not necessary that the defendant's guilt be proved beyond all possible doubt.  It's only required that the Government's proof exclude any reasonable doubt concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of

all of the evidence in the case.  "Proof beyond a reasonable doubt," therefore, is proof of such a convincing character that you would be willing to rely and act upon it without any hesitation in the most important of your own affairs.

As I told you earlier, it's your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.  Remember that any statements, objections, or arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits.  You must regard [sic] those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to what the contents of an exhibit -- or as to the contents of an exhibit.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any

of the issues in this case.  Except for the instructions to you on the law, you should disregard anything that I may have said during the trial in arriving at your own findings as to the facts.

You should consider only the evidence -- while you -- while you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make.  And you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.  The law makes no distinction between the weight that you may give either to direct or circumstantial evidence.

I remind you that it's your job to decide whether the Government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept

all the evidence as true or accurate.

You are the sole judges of the credibility or believability of each witness and the weight to be given the witness' testimony. An important part of your job will be to make judgments about the testimony of the witnesses, including a defendant, who testified in this -- in this case. You should decide whether you believe any or -- believe all or any part of what each person had to say and how important that testimony was. In making that decision, I suggest that you ask yourselves a few questions:

Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have personal interest in the outcome of the case? Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness' testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of a defendant should be weighed and his or her credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each

witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decision simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there was more witnesses testifying -- testifying for one side on that point.

Defendant Kay has offered evidence of his traits of character, and such evidence may give rise to a reasonable doubt.

Where a defendant has offered testimony that the defendant is an honest and law abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the defendant committed the crimes charged -- the crime charged.

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter or by evidence that at some other time the witness said or did something or failed to say or do something which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness are not admitted in evidence to prove that the contents of those statements were true.  You may consider the earlier statements only to determine whether you think they are consistent or inconsistent

with the trial testimony of the witness and, therefore, whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this matter, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

The testimony of alleged accomplices, such as Lawrence Theriot, Joel Malebranche, and Joseph Schwartz, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness' testimony has been affected by the witness' circumstances or by the witness' interest in the outcome of the case or by prejudice against a defendant. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

You will note that the indictment charges that the offense was committed on or about a specific date. The Government does not have to prove that the crime was committed on that exact date so long as the Government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

And we've got a copy of the indictment. Is that

correct?

MR. UROFSKY:  Yes, your Honor.

THE COURT:  Where is it?

MR. UROFSKY:  I gave it to Ms. Alexander.

THE COURT:  Okay.  Is she making copies?  I think probably -- is that it right there?

Craig, right there in the corner, what is that?  What is it?

THE CLERK:  It's instructions, sir.

THE COURT:  Okay.  We're going to give the jury copies.  You will have copies of the indictment.  Let me just make sure that Ellen has -- oh, there she is.

*(Sotto voce discussion at bench)*

THE COURT:  Now we confirm the copies are being run right now.  So, you'll have a copy back in there; and you can refer to that also if you desire.

Thanks.

If a defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

A separate crime is charged against one or more of the defendants in each count of the indictment.  Each count and the evidence pertaining to it should be considered separately.  The case of each defendant should be considered

separately and individually.  The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant.  You must give separate consideration to the evidence as to each defendant.

If you're to reach a verdict, whether it's guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You'll never have to explain your verdict to anyone.

It's your duty to consult with one another and to deliberate in an effort to reach an agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you are wrong; but do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember, at all times you are judges, judges of the facts.  Your duty is to decide whether the Government has proved each defendant separately guilty beyond a reasonable doubt.

When you go to the jury room, the first thing you

should do is select one of your number to act as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of the verdict has been prepared for your convenience, and we'll discuss that later.

The foreperson will write the unanimous answer of the jury in the space provided to each count of the indictment, whether guilty or not guilty. At the conclusion of your deliberations, the -- the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind, you're never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on any count of the indictment until after you've reached a unanimous verdict.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Certain charts and summaries have been shown to you solely to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case.

These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Certain other charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurate -- actually reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

The guilt of a defendant in a criminal case may be established without proof that -- we're talking now aiding and abetting, what that means. All of these are instructions, but this is "aiding and abetting."

The guilt of a defendant in a crime may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the -- the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other person -- such other persons just as though the defendant had committed the acts or engaged in such

conduct.  Therefore, any defendant may be held criminally responsible for the acts of others -- correction.  Let me read it again.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime was being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense, as defined in these instructions, was committed by some person or persons and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

first, that the defense [sic] of violating the Foreign Corrupt Practices Act was committed by some person;

that the defendant associated with the criminal venture;

that the defendant purposefully participated in the criminal venture;

and that the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. The element cannot be established if the defendant had no knowledge of the principal's criminal venture. "To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

The defendants are each charged separately with committing 12 violations of the Foreign Corrupt Practices Act. The Foreign Corrupt Practices Act prohibits payments to foreign officials for the purpose of:

influencing any act or decision of such foreign official in his official capacity;

inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official;

or securing any improper advantage in order to assist the companies -- in order to assist the company making the payment in obtaining or retaining business for or with or directing business to any person.

To sustain its burden of proof for the offense of

violating the Foreign Corrupt Practices Act, as charged in the indictment, the Government must prove the following essential elements beyond a reasonable doubt:

that the defendant is a domestic concern or an officer or employee of an issuer or a domestic concern, concepts that I'll define in just a moment;

that the defendant acted corruptly, another concept that I'll shortly explain;

that the defendant made use of the mails or any means of instrumentality of interstate commerce in furtherance of an unlawful act under the statute;

that the defendant offered, paid, promised to pay, or authorized the payment of any money or of anything of value;

that the payment or gift was to a foreign public official or to any person while knowing that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign public official;

that the payment was for one of three purposes:

to influence any act or decision of the foreign public official;

to induce the foreign public official to do or omit to do any act in violation of that official's lawful duty;

or to obtain an improper advantage; and

that the payment was made to assist the domestic concern in obtaining or retaining business for or with or directing

business to any person.

For purpose of the Foreign Corrupt Practice Act, an "issuer" is a corporation that has issued securities, such as stocks or bonds, that are registered with the US Securities & Exchange Commission or which is required to file periodic reports with the -- with the Securities & Exchange Commission.

A "domestic concern" is:

any individual who is a citizen, national, or resident of the United States;

and any corporation, partnership, association, joint stock company, business trust, unincorporated organization, or sole proprietorship, which has its principal place of business in the United States or which is organized under the laws of the states of the United States or a territory, possession, or commonwealth of the United States.

In this case the indictment charges that the defendants, David Kay and Douglas Murphy, were both officers of an issuer and domestic concerns because they are alleged to have been citizens of the United States and officers of American Rice, Inc., which is further alleged to be an issuer.

An act is "corruptly" done if done voluntarily and intentionally and with a bad purpose or evil motive of accomplishing either an unlawful end or result or a lawful end or result by some unlawful mean -- unlawful method or means.

The term "corruptly" is intended to connote that the offer, payment, and promise was intended to induce the recipient to misuse his official position.

Knowledge and intent exist in the mind.  Since it's not possible to look into a person's mind to see what went on, the only way you have to arrive at a decision on what the defendant intended and knew is for you to consider all of the facts and circumstances shown by the evidence and to determine from such facts and circumstances whether the particular defendant had the requisite knowledge and intent.

Direct proof of knowledge and corrupt or fraudulent intent is almost never available.  Knowledge and intent may be inferred from all of the surrounding circumstances.

You may consider the defendants' words or actions as well as other facts or circumstances in evidence and the reasonable inferences from that evidence to determine the defendants' state of mind and intent.  Circumstantial evidence, if believed, is a -- is as valuable as direct evidence.  In either case the essential element of the crime charged must be established beyond a reasonable doubt.

For purpose of the Foreign Corrupt Practices Act, "interstate commerce" means trade, commerce, transportation, or communication among the several States or between any foreign country and any State or between any State and any place or

ship outside thereof; and such term includes the intrastate use of --

Okay.  Correct, "intrastate"?  Correct, everyone, "intrastate"?

MR. UROFSKY:  Yes, your Honor.

THE COURT:  Okay.

-- includes the intrastate use of a telephone or other interstate means of communication or any other interstate instrumentality.  If they are used by persons and goods passing between various States, they are instrumentalities of interstate commerce.

I instruct that you, as a matter of law, sending of packages from Texas to Haiti by Federal Express or other commercial carrier or the sending of such packages by other means from Texas to Haiti constitutes the use of a means or instrumentality of interstate commerce.  So, if you find that those things occurred, you may find the element has -- this element has been proved.

As I previously told you, one of the elements that the Government must prove beyond a reasonable doubt is to convict the defendant of violating the Foreign Corrupt Practices Act --

So, "FCPA," that's what it stands for.

-- is that the defendant offered, paid, promised to pay, or authorized the payment of any money or anything of

value.

It's not required that the actual payment be made by an issuer or a domestic concern.  Authorization by an issuer or a domestic concern is prohibited by the FCPA.  Indeed, an issuer or domestic concern, or an officer, director, or shareholder of one, that engages in bribery of a foreign official indirectly for any other person or entity is liable under the FCPA.  Thus, if you find that the defendants are domestic concerns, or that they are officers, directors, or shareholders of an issuer or a domestic concern, and that they authorized another person or company to pay a bribe, that authorization alone is sufficient for to you find that this element has been proven.

Further, it's not necessary that the payment actually take place.  You may find this element satisfied if you find that he authorized an unlawful payment, even if you believe that the payment was not actually made, that it was diverted by middlemen or even that the middlemen never even intended to pay the bribe.  It is sufficient simply if the defendant believed that a bribe would be paid and that he authorized the bribe to be paid.

As I told you, provided all of the other elements are present, an officer -- an offer, payment, or promise is unlawful under the Foreign Corrupt Practices Act if it is made to any person, while knowing that all or a portion of such

money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official.  For the purpose of this section a person's state of mind is "knowing" with respect to conduct, a circumstance, or result if:

such person is aware that the recipient of the payment or gift is engaging in such conduct, that is the unlawful offering, giving, promise, or payment that such circumstance exists, or that such result is substantially certain to occur;

or that such person has a firm belief that such circumstance exists or that such result is substantially certain to occur.

A person is deemed to have knowledge if the evidence shows that he was aware of a high probability of the existence of such circumstance, unless he actually believes that such circumstance does not exist.

For the purpose of the Foreign Corrupt Practices Act, the term "foreign official" means any officer or employee of a foreign government or any department, agency, instrumentality thereof, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality.

The final element of the Foreign Corrupt Practices Act requires that, in addition to establishing each of the statute's other elements, the Government -- the Government must prove that the defendants' purpose in making a

payment to a foreign official was to assist American Rice or Rice Corporation of Haiti in obtaining or retaining business. Unless the Government proves beyond a reasonable doubt that the defendants' purpose was to assist in obtaining or retaining business, you must acquit the defendant.

Bribes paid to foreign officials to secure reduced customs and tax liability may or may not have such a purpose. It is not sufficient if the payment simply reduced the cost of doing business and increased the profitability of an already-established venture. The Government must prove that:

The Government must prove that the reduction of cost was intended to assist ARI in getting or keeping particular business in Haiti. Unless the Government proves beyond a reasonable doubt the particular business transaction or opportunities defendants sought to obtain or retain by the -- by making the payments, and how the foreign official's acts were meant to assist in getting or keeping such business, you must acquit the defendants.

For purpose of the Foreign Corrupt Practices Act, it does not matter who suggested that a corrupt offer, payment, promise, or gift be made. The Act prohibits any payment or gift intended to influence the recipient, regardless of who first suggested it. It's not a defense that the payment was demanded on the part of a government official as a price for

23

gaining entry into a market or to obtain a contract or other benefit.

That the offer, payment, promise, or gift may have been first suggested by the recipient is not deemed an excuse for a US issuer's or domestic concern's decision to make a corrupt payment, nor does it alter the corrupt purpose with which the offer, payment, or promise was made.

If you find that Haitian foreign officials committed extortion or coerced American Rice and/or the defendants into agreeing to make the payments at issue by threatening serious -- serious economic loss to American Rice, Inc.'s business, you may consider that fact when deciding whether each defendant acted with the required corrupt intent.

An official commits extortion if he obtains money or something of value from another person by intimidation, threats, or serious -- again, by intimidation, threats of serious economic loss to a person or a business, or withholding official action until the official's demands are met.

The Foreign Corrupt Practices Act does not apply to any facilitating payment to a foreign official that is made to speed up or obtain the performance of a routine governmental action by that foreign official.

The term "routine governmental action" means an action ordinarily or commonly performed by a foreign official, such as:

obtaining permits, licenses, or other official documents to qualify a person to do business in the foreign country;

loading and unloading cargo or protecting perishable products or commodities from deterioration;

or actions of a similar nature.

"Routine governmental action" does not include any decision by a foreign official to award new business or continued business with a particular party.

If you find that payments to Haitian foreign officials were facilitating payments, you must acquit the defendants because the Foreign Corrupt Practices Act does not prohibit such payments.

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

The defendants are charged in Count 13 with conspiring to violate the Foreign Corrupt Practices Act by agreeing with each other and with others to pay bribes to various Haitian government officials between 1992 -- between 1992 and September, 1999, to assist it in obtaining or retaining business.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It's kind of a partnership in crime in which each member becomes the agent of every other member.

As with the other charges in this matter, you must consider each defendant separately and you may convict that defendant only if you find, beyond a reasonable doubt, that he conspired, either -- either with the other defendant or with others, to commit a crime.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

that the defendant and at least one other person made an agreement to violate the Foreign Corrupt Practices Act as charged in the indictment;

that the defendant knew the unlawful purpose of the agreement and joined in it willfully; that is, with the intent to further the unlawful purpose;

and that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all of the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy, even though the defendant had not participated before and even

*Cheryll K. Barron, CSR, CM, FCRR*                    *713.250.5522*

though the defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the Government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such or that the alleged conspirators actually succeeded in accomplishing their unlawful objections -- objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy who also -- who -- but who happens to act in a way which advances some purpose of the conspiracy, does not thereby become a conspirator.

Count 14 charges Defendant Murphy with obstruction of -- with obstruction of the US Securities & Exchange Commission's investigation into violations of the security laws and the Foreign Corrupt Practices Act by American Rice, Inc. and its officers and employees.

Title 18, United States Code, Section 1503, makes it a crime for anyone -- anyone corruptly to influence, obstruct, impede, or endeavor to influence, obstruct, impede the due administration of the law under which any pending proceeding had -- I'm going to read that again.

The law makes it a crime for anyone corruptly to influence, obstruct, impede, or endeavor to influence, obstruct, impede the due administration of the law under which any pending proceeding is being had before any department or agency of the United States.

Only Defendant Murphy is charged in Count 14. For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

that there was a proceeding pending before an agency of the United States.  With respect to this element, I instruct you that the US Securities & Exchange Commission is an agency of the United States;

that the defendant knew of the pending proceeding and influenced, obstructed, impeded, or endeavored to influence, obstruct, or impede the due administration of the law under which that proceeding was being had;

and that the defendant -- defendant's act was done corruptly; that is, with the -- that is, that the defendant acted knowingly and dishonestly with the specific intend to

subvert or undermine the due administration of justice.

It is the not necessarily -- not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which he knew was likely to influence, obstruct, or impede the due -- the due administration of justice as to the natural and probable effect of the defendant's actions.

It is the theory of Defendant Kay that the payments made to Haitian customs between January, 1998, through August, 1999, were facilitating payments made to induce Haitian customs to -- to process the paperwork that would allow ARI or RCH barges to proceed to dock so that its employees could unload its cargo: rice and, at times, other products.

It is the theory of -- of Defendant Kay that Mr. Kay's purpose in participating in authorizing these payments was not to obtain or retain rice business of Haiti -- rice business in Haiti.

It is further the theory of Defendant Kay that Mr. Kay never acted with corrupt intent in participating in the authorization of payments to customs officials.

Each of these defenses is valid under the law. If you find that any or all of these defenses have been established, you may find the defendant not guilty.

Theory of Murphy's defense is that the payments

made to Haitian customs between January, 1998, through August, 1999, were facilitating payments made to induce Haitian customs to process the paperwork that would allow ARI/RCH barges to proceed to dock so that its employees could unload its cargo; that is, rice and, at other times, other products.

It's further the theory of Defendant Murphy that Mr. Murphy's purpose in participating in authorizing these payments was not to obtain or retain rice business in Haiti.

It's further the theory of Defendant Murphy that Mr. Murphy never acted with corrupt intent in participating in the authorization of payments to customs officials.

Each of these defendants -- each of these defenses is valid under the law.  If you find that any or all of these defenses have been established, you may find the Defendant Murphy not guilty.

We then turn to the verdict form.  All of the contents of 1 through 13 are the same.  Once you've found the unanimous decision as to each of the counts as to each of the defendants, you will then fill in the verdict form:  "We the jury find as follows" and then, as to each defendant, for instance, in Count 1, Mr. Kay guilty or not guilty; Mr. Murphy guilty or not guilty.

And just scan, if you would, page 2, page 3, going through all 13 counts.  And at page 14, as you know, the last count, Number 14, is only applicable to Mr. Murphy; so,

only his name appears there.

Once you've completed all of this, then you are to date the verdict, the presiding juror is to sign the verdict; and then inform the marshal you have reached a verdict and return into court and return your verdict.

All right.  It's now about ten minutes to 10:00.  You tell me.  You want to take ten minutes or we're going to go straight through for at least an hour and a quarter.  You tell me.

Go through?  Again, anybody?  Looking around the room.  Anybody?  You want to take a short one?

MR. BENNETT:  Yes.

THE COURT:  All right.  Look at your watch.  It's about eight minutes to 10:00.  We'll take exactly ten minutes, and then we'll get underway.  Okay.  Thank you.  We'll see you then.

A MARSHAL:  All rise.

*(Recess)*

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled cause.

Date:  November 13, 2018

/s/  Cheryll K. Barron

Cheryll K. Barron, CSR, CMR
Official Court Reporter

*Cheryll K. Barron, CSR, CM, FCRR*                    *713.250.5522*